IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHUONG DUONG TONG, Petitioner,<br>v.<br>BOBBY LUMPKIN, Respondent. | No. H-10-2355<br><br>**DEATH PENALTY CASE** |

## PETITIONER TONG'S MOTION FOR DISCOVERY

To the Honorable Judge Hughes:

Petitioner Tong files this motion pursuant to Rule 6(a) of the Rules Governing § 2254 Cases in the United States District Courts for leave to conduct limited discovery related to the ongoing mitigation investigation in this case. Specifically, Mr. Tong requests leave to issue subpoenas to the custodian of records for the schools he attended as a child, and the custodian of records United Nations Refugee Agency, located in Washington D.C., who possess documentation proving that Mr. Tong was a refugee in 1979 and 1980 as well as information about the camps he was housed in as a refugee.

**FACTUAL OVERVIEW AND REQUESTED RECORDS**

After remand from the Circuit Court the District Court granted Petitioner Tong funding to conduct a mitigation investigation. *See* Doc. no. 182. This grant

1

of funding was based, in part, on evidence tending to show that Petitioner Tong's trial counsel failed to adequately investigate the mitigation component of Petitioner Tong's capital case. *Id.* at 4-5. On November 19, 2021, this Court granted Tong's motion for a scheduling order, setting the due date for Tong's amended *Wiggins* briefing on May 22, 2021.

The mitigation investigator appointed to Tong's case has been diligently pursuing all available records related to Tong's childhood. As relevant here, she has been attempting to obtain all records from the schools he attended in the Houston area, and records from the United Nations Refugee Agency which we believe has records relevant to Tong's refugee status and internment in a refugee camp when his father fled Vietnam with him at a young age. The mitigation investigator has not been successful obtaining records from the following schools and organizations:

- UNHCR in Washington DC – the investigator has contacted this organization seven times in the recent weeks, and has been unable to obtain any records, although responses from the organization suggest they do have records related to Tong's refugee status.

- Bunker Hill Elementary, 11950 Taylorcrest, Houston, TX 77024 – the investigator has requested records from Bunker Hill, but no response or responsive documents have been provided.

- St. Cecilia Catholic School - 11740 Joan of Arc, Houston, TX 77024 – the investigator has contacted the school five times requesting records, and has been told the school will only provide the relevant records if there is a lawful court order requiring them to produce records.

- Memorial High School, 935 Echo Lane, Houston, TX 77024 - the investigator has requested records from Memorial High School, but no response or responsive documents have been provided.

- Cypress Falls, 9811 Huffmeister Rd., Houston, TX 77095 - the investigator has requested records from Cypress Falls, but no response or responsive documents have been provided.

- Clements High School, 4200 Elkins Rd, Sugar Land, TX 77479 - the investigator has requested records from Bunker Hill, but no response or responsive documents have been provided.

Petitioner Tong is requesting leave to subpoena all records relevant to him from these schools and from UNHCR in Washington DC.

**PETITIONER TONG CAN SHOW GOOD CAUSE FOR THE REQUESTED DISCOVERY.**

Rule 6(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that a court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ." "Good cause may be found when a petition for habeas corpus relief 'establishes a prima facie claim for relief.'" *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000).

As the Supreme Court explained in *Bracy v. Gramley*, "where specific allegations before the court show reason to believe that [a habeas] petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is *the duty of the court* to provide the necessary facilities and procedures for an adequate inquiry." 520 U.S. 899, 908-09 (1997) (emphasis added) (*citing Harris v. Nelson*, 394 U.S. 286, 300 (1969)).[1]

Tong can show good cause for the requested discovery in this case because, as the District Court previously noted, Tong raised "serious questions concerning

---

[1] Rule 6 and *Bracy* govern habeas discovery motions, not the Supreme Court decision of *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). *See, e.g.*, *Donald v. Spencer*, 656 F.3d 14, 16 n.3 (1st Cir. 2011); *Quezada v. Brown*, No. 08-cv-5088, 2011 WL 4975343, at *2 (E.D.N.Y. Oct. 19, 2011); *Hasan v. Ishee*, No. 1:03-cv-288, 2011 WL 5596891, at *7 n.6 (S.D. Ohio Nov. 17, 2011).

4

the adequacy of trial counsel's investigation." Doc. no. 182. Trial counsel did not timely request investigative funding, less than one day of mitigation evidence was presented at trial without any experts testifying (although a report showed the need for assistance), and "it is possible that expert testimony on the effects of Tong's head trauma or substance abuse could have persuaded one or more jurors to reject a death sentence." *Id.* at 4-5. Further, the Court recognized the evidence showing that state habeas counsel failed to perform any mitigation investigation. *Id.* In short, there is evidence showing that Tong can establish a valid *Trevino/Wiggins* claim based on ineffective assistance of trial and initial state habeas counsel. *See Trevino v. Thaler*, 569 U. S. 413 (2013).

Further, at the time of Tong's trial it was necessary to conduct a through investigation into all aspects of a capital defendant's childhood. As explained by Judge Cochran of the Texas Court of Criminal Appeals, Texas capital defense attorneys have long been required to conduct thorough investigations. *Ex parte Gonezalez*, 204 S.W.3d 391, 400 (Tex. Crim. App. 2006) (Cochran, J., concurring). Judge Cochran specifically noted in his concurrence discussing the duty of capital defense counsel that the defense team must explore "[c]hildhood accidents and injuries; . . . Physical abuse to the defendant or any other member of the family; . . .

5

Any and all available school records; . . . [and] Any and all traumatic experiences." *Id.*

The requested records are necessary for undersigned counsel and the mitigation investigator to preform their jobs, and for this reason counsel requests leave to issue subpoenas pursuant to Rule of Civil Procedure 45 to the schools listed above, and the United Nations Refugee Agency, for any records related to Petitioner Tong.

**CONCLUSION**

The discovery sought is limited in its scope to records related to Petitioner Tong and appropriate for the issues in this case. Therefore, Petitioner requests that a Motion for Leave to Conduct Discovery be entered.

Respectfully submitted,

/s/ Jonathan Landers
Jonathan Landers
SBN 24070101
917 Franklin, Suite 300
Houston Texas 77002
(713) 685-5000 (work)
Jlanders.law@gmail.com
**LAWYER FOR PETITIONER**

## Certificate of Service

I certify that all counsel of record were served with this document through the ECF system on January 11, 2021.

/s/ Jonathan Landers
Jonathan Landers

## CERTIFICATE OF CONFERENCE

On December 20, 2021, AAG Matthew Ottoway was contacted concerning this motion, and he is **OPPOSED.**

/s/ Jonathan Landers
Jonathan Landers